UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND, TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER LOCAL 669 UA EDUCATION FUND, TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY PENSION FUND, TRUSTEES OF THE SPRINKLER INDUSTRY SUPPLEMENTAL PENSION FUND AND TRUSTEES OF THE INTERNATIONAL TRAINING FUND<br>8000 Corporate Drive<br>Landover, MD  20785,<br><br>        Plaintiffs,<br><br>  v.<br><br>TJ FIRE PROTECTION, INC.<br>2410 Sylvan Drive #3<br>Point Pleasant, NJ  08742<br><br>Serve: Rita Barlow, President<br>    2410 Sylvan Drive #3<br>    Point Pleasant, NJ  08742<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. NO.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

(FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT,
TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS
AND TO COMPEL AN AUDIT)

**JURISDICTION**

1. This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act, (hereafter "ERISA"), 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a).  This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization

representing employees in an industry affecting commerce and an action to collect contributions due to employee benefit plans under the terms of the Collective Bargaining Agreement.

**PARTIES**

2.  Plaintiffs National Automatic Sprinkler Industry Welfare Fund, National Automatic Sprinkler Local 669 UA Education Fund, National Automatic Sprinkler Industry Pension Fund, Sprinkler Industry Supplemental Pension Fund and the International Training Fund (hereinafter "NASI Funds") are multiemployer employee benefit plans as that term is defined in Section 3(3) of the ERISA of 1974, 29 U.S.C. § 1002(3). Plaintiff Funds are established and maintained according to the provisions of the Restated Agreements and Declarations of Trust establishing the NASI Funds ("hereinafter "Trust Agreements") and the Collective Bargaining Agreements between Sprinkler Fitters Local Union 696 and Road Sprinkler Fitters Local Union 669 (hereinafter collectively referred to as "the union") and the Defendant. The NASI Funds are administered at 8000 Corporate Drive, Landover, Maryland 20785.

3.  Defendant T.J. Fire Protection, Inc. is a corporation existing under the laws of the State of New Jersey with offices located in New Jersey. Defendant transacts business in the State of New Jersey as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

## COUNT I

4. Defendant entered into Collective Bargaining Agreements with the Union establishing terms and conditions of employment for journeymen and apprentice sprinkler fitters employed by the Defendant.

5. Pursuant to the Collective Bargaining Agreements, Defendant agreed to pay to the Plaintiff Funds certain sums of money for each hour worked by employees of Defendant covered by the Collective Bargaining Agreements.

6. Defendant employed certain employees covered by the Collective Bargaining Agreements during the months of January 2018 through the present.

7. Defendant is bound to the Trust Agreements and the Guidelines for Participation in the NASI Funds (hereinafter "Guidelines").

8. Pursuant to the Collective Bargaining Agreements, the Trust Agreements and the Guidelines, the Trustees of the NASI Funds have the authority to conduct an audit of the payroll and wage records of the Defendant for the purposes of determining the accuracy of contributions to the Funds.

9. The NASI Funds' auditor has attempted to conduct an audit of the Defendants' books and wage records by reviewing said records for the period of January 1, 2018 through the date of the audit.

10. Defendant has failed to cooperate with the Funds' auditor to permit the audit of its books and wage records by reviewing said records for the period of January 1, 2018 through the date of the audit.

11. The NASI Funds' auditor requested these records to determine the amounts due for the NASI Funds for the period of January 1, 2018 through the date of the audit.

12.     Pursuant to the above-mentioned Collective Bargaining Agreements, Trust Agreements and the Guidelines, Defendants are required to submit to the NASI Funds the records that were requested by the NASI Funds' auditor.

13.     The Trust Agreements provide that an Employer that fails to pay contributions in a timely fashion shall be liable for liquidated damages, interest on the amounts owing and for all expenses incurred in enforcing payment of the contributions due, including but not limited to reasonable attorneys' fees, accountant's fees, and court costs.

**WHEREFORE**, Plaintiff Funds pray judgment against the Defendant as follows:

A.      That this Court enforce the terms of the Plan and order Defendant to permit an audit of its wage and payroll records, as provided for in the Plan documents for the period of January 1, 2018 through the date of Judgment.

B.      That Plaintiffs have Judgment against Defendant for the amount determined as owing by the audit requested in paragraph A, plus liquidated damages, interest from the date of any delinquency until the date of payment, costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g), the Collective Bargaining Agreement, the Trust Agreements and the Guidelines.

C.      That Plaintiffs have Judgment against Defendant for all expenses, including accountant's fees, related to the audit and the attempted audit of its payroll and wage records, pursuant to 29 U.S.C. § 1132(g), the Collective Bargaining Agreement, the Trust Agreements and the Guidelines.

D.      For such further relief as the Court may deem appropriate.

Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE LLP**
4748 Wisconsin Avenue, N.W.
Washington, D.C.  20016
(202) 362-0041 – telephone
(202) 362-2640 – facsimile
cgilligan@odonoghuelaw.com

By: _____/s/_____
     Charles W. Gilligan
     Maryland Bar No. 05682
     Attorneys for Plaintiff

850357_1

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 26th day of August, 2022 on the following:

    The Office of Division Counsel
    Associate Chief Counsel (TE/GE) CC: TEGE
    Room 4300
    1111 Constitution Avenue
    Washington, DC  20224
    Attention:  Employee Plans

    Secretary of Labor
    200 Constitution Avenue, N.W.
    Washington, DC  20210
    ATTENTION:  Assistant Solicitor for
        Plan Benefits Security

                                              /s/
                                        Charles W. Gilligan

850357_1